Filed 2/29/24  P. v. Byrd CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EVAN BYRD,<br><br>    Defendant and Appellant. | F086152<br><br>(Super. Ct. No. F22901308)<br><br><br>**OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Monica R. Diaz, Judge.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Franson, Acting P. J., Peña, J. and DeSantos, J.

Counsel for defendant Evan Byrd submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking this court to conduct an independent review of the record on appeal.  Although we offered defendant the opportunity to present his own brief by way of a letter, he has not responded.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record.  Consistent with our Supreme Court's direction in *Kelly*, we provide a description of the relevant facts and the procedural history of this case.  (*Kelly*, at p. 110.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

### PROCEDURAL AND FACTUAL SUMMARY

On March 2, 2022, a criminal felony complaint was filed charging defendant with assault with a firearm (Pen. Code,[1] § 245, subd. (a)(2), a felony; count 1), false imprisonment by violence (§ 236, a felony; count 2), unlawful possession of an assault weapon (§ 30605, subd. (a), a felony; count 3), and possession of marijuana for sale (Health & Saf. Code, § 11359, subd. (b), a misdemeanor; count 4).  Count 1 further alleged an enhancement for the use of a firearm, a handgun (§ 12022.5, subd. (a)).  The complaint also provided notice of the prosecution's intent to admit evidence of defendant's other acts of domestic violence, including any domestic violence convictions.

Defendant pled not guilty to each count and denied all enhancements and prior convictions at his arraignment held on March 4, 2022.  On the same day, a criminal protective order pursuant to section 136.2 (domestic violence) was filed against defendant.

The allegations in counts 1 and 2 involved a fight defendant had with H.C. (the victim), who was his girlfriend in December 2021.  At the time of his arrest, defendant

---

[1]     All further statutory references are to the Penal Code, unless otherwise specified.

2.

hired an attorney to represent him in this matter and agreed to pay him using a payment plan.

On April 27, 2022, a change of plea form was submitted to the trial court stating defendant would plead no contest to count 1, a felony, and count 4, a misdemeanor. At this time, the court posed various questions to defendant exploring his knowledge of and intent behind the plea, as well as his understanding about the potential sentence he could receive. The court further confirmed defendant's understanding of the constitutional rights he was waiving and the potential ramifications of the plea, including the fact count 1 qualified as a "strike" offense.

The trial court eventually accepted defendant's pleas of no contest to counts 1 and 4 as "freely and voluntarily entered." The court then struck the enhancement alleged in count 1 and dismissed counts 2 and 3. The court also informed defendant that because he had pled to a crime that prohibited him from owning or possessing a firearm or ammunition, he was required to "turn over all such items pursuant to … [s]ection 29810." At no time during the hearing did defendant object to any statement made by any party participating in the proceeding, or to information provided by the court.

On June 8, 2022, at the hearing set for sentencing, defense counsel informed the trial court that defendant wanted to retain new counsel or seek the appointment of the public defender to explore withdrawing his plea. Defense counsel was then relieved as the attorney of record, and a public defender was appointed. The matter was continued to allow a new attorney to become familiar with the file and to provide time for the filing of a motion should defendant want to withdraw his plea.

At the beginning of a hearing held on September 7, 2022, defense counsel informed the trial court that defendant "would like to *Marsden*[2] me." The court ordered a closed hearing, excluding everyone except defense counsel, defendant, and court staff.

---

[2]     *People v. Marsden* (1970) 2 Cal.3d 118.

3.

During the *Marsden* hearing, defendant expressed his concerns about how his acceptance of the plea agreement was obtained. Defendant explained that since he entered into the plea agreement he had a desire to withdraw it and to proceed to trial. However, his current attorney from the public defender's office would not agree to pursue such a withdrawal. During the closed hearing, defendant stated the plea came about due to an argument he had with his prior retained attorney over how much of his fee was still owed. Defendant expressed his belief another attorney might pursue the motion on his behalf. The court explained to defendant that if he was unhappy with his current attorney, who was a public defender, the whole office would have to be relieved as the case could not simply be assigned to another attorney in the same office.

The trial court ultimately concluded there was not an adequate basis to relieve the public defender's office as the disagreement was primarily over the merits of the motion defendant wanted to pursue. The court then ended the *Marsden* hearing and opened the courtroom.

Upon returning to the courtroom, defendant informed the trial court he wanted to proceed on his own without the benefit of counsel. The court then called a recess to allow defendant to complete a waiver of rights form and a *Faretta*[3] waiver. When they returned, the court explored with defendant the depth of his understanding about the risks involved given the serious charges he was facing, and that he would be expected to "comply with all rules of evidence, and rules of court as the lawyer that [defendant] would be going up against." Defendant repeatedly stated he understood the risks and expectations of the court.

After again consulting with his attorney and reiterating his desire to represent himself, the following exchange occurred between the trial court and defendant:

---

[3]     *Faretta v. California* (1975) 422 U.S. 806.

"THE COURT:  So …, we'll just be very blunt with you.  I know your whole point here is you would like your plea to be withdrawn.  You understand, that if it is withdrawn, and the [c]ourt does grant your request, all the charges would be reinstated, are you familiar with the charges that you are being charged with?

"[DEFENDANT]:  Yes, Your Honor.

"THE COURT:  That includes assault with a firearm, with an enhancement of personal use of a firearm, false imprisonment, do you understand that?

"[DEFENDANT]:  Yes, Your Honor.

"THE COURT:  You understand the maximum, sir, that you can— time you can serve, or the maximum sentence you could receive if you were convicted on each of those offenses.

"[DEFENDANT]:  I believe, 15 years.

"THE COURT:  You understand that at least one of those are strike offenses and you know what the consequence of having a strike offense on your record would be?

"[DEFENDANT]:  Yes, Your Honor.

"THE COURT:  And you understand, just because you received a plea deal, … in the future that plea deal may not be in place anymore, do you understand that?

"[DEFENDANT]:  Yes, Your Honor.

"THE COURT:  And you would be responsible for representing yourself, advocating for yourself, and defending yourself, do you understand that?

"[DEFENDANT]:  Yes, Your Honor.

"THE COURT:  You understand, sir, that once you represent yourself, and if you are convicted and sentenced, one of the possible grounds for appealing the conviction is the kind of defense that you received, if you represent yourself, you forgo that.  You can't say, I didn't represent myself good enough, I want an appeal on those grounds.  That is not a proper basis to appeal that, do you understand that?

"[DEFENDANT]: Yes, Your Honor.

"THE COURT: I'm trying to tell you, [defendant], you are responsible for everything moving forward, you will not be receiving any help whatsoever and the consequences of what occurs as a result of that would be all on you, you understand that?

"[DEFENDANT]: Yes.

"THE COURT: So again, are you requesting to represent yourself?

"[DEFENDANT]: Yes."

The court then found defendant was competent to make such a decision, understood his *Faretta* rights, and understood the implications of waiving his right to counsel. After the court granted defendant's request to proceed in propria persona, defendant asked for a continuance so that he could file a motion to withdraw his plea, which was granted.

On October 19, 2022, defendant appeared for sentencing and informed the trial court that he was in the process of obtaining new counsel, and again requested a continuance. The court ultimately granted this continuance, with a warning to defendant. After defendant's newly retained counsel appeared, at least two additional continuances were then granted.

On March 9, 2023, defendant's motion to withdraw his plea was heard. In his moving papers and in his testimony, defendant claimed he was coerced to accept the plea by his original attorney due in part to a dispute he had with the attorney over the payment of his fee. However, at the beginning of the hearing, defendant's new attorney expressed his belief that he might now have a conflict with defendant, because he no longer supported a withdrawal of the plea based on new information provided by the prosecution. After exploring this issue with both parties, the trial court found an insufficient basis to disqualify the new attorney.

The trial court then took evidence on the claims made by defendant in his motion to withdraw his plea. This consisted of testimony from both defendant and his original attorney, who represented him at the time the plea was entered. Defendant's original

attorney disputed defendant's characterization of their conversations at the time the plea was being considered, rejecting the notion any disagreement was about fees. The attorney stated instead that he was concerned that if defendant did not accept the plea, additional charges for attempting to dissuade a witness would be added to the complaint, or defendant might be taken into custody for violating the protective order that was already in place. The allegations supporting possible new charges involved texts defendant had allegedly sent to the victim in violation of the protective order. At the close of testimony and following arguments made on behalf of defendant and the prosecution, the court stated:

> "[I]n looking at the change of plea transcripts, hearing what I've heard today, [defendant] was given an opportunity to express any concerns he may have regarding the plea agreement, the consequences of his plea agreement and said absolutely nothing. I will say that it does appear that this is a case of buyer's remorse and, unfortunately, once [defendant] left, he decided maybe I didn't want to do this. But the reality is, this [c]ourt is finding that he was given an informative presentation of the evidence and the facts that he was facing. At the time of his plea, [defendant] made a knowing, voluntary and intelligent decision on deciding to enter his no contest plea and, at this time, the [c]ourt is finding that there is not sufficient basis to withdraw his plea and the motion is denied."

The court further stated defendant's original attorney was a credible witness and did not believe the attorney acted improperly.

Once the trial court proceeded to sentencing, entry of judgment was suspended and defendant was given three years of formal probation with various terms and conditions imposed, including that he serve 240 days in county jail. A 10-year protective order was also entered at this time in favor of the victim, and defendant was instructed not to obtain or possess any firearms or ammunition.

Defendant filed his notice of appeal on April 19, 2023.

## **DISCUSSION**

Having carefully reviewed the entire record provided in this case, we conclude there are no arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## **DISPOSITION**

The judgment is affirmed.